IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDITH MORROW,

        Plaintiff,

v.   Case No.:   3:13-cv-00778

7-ELEVEN, INC.,

        Defendant.

## DEFENDANT 7-ELEVEN, INC.'S
## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, 7-Eleven, Inc., pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56 of the U.S. District Court for the Eastern District of Virginia, and respectfully submits its Memorandum in Support of Motion for Summary Judgment.

**I.   PRELIMINARY STATEMENT**

Plaintiff filed a Complaint in the Circuit Court for the County of Henrico, Virginia. Defendant removed this case to this Honorable Court pursuant to 28 U.S.C. §§ 1332 and 1446. In her Complaint, Plaintiff alleges that on February 20, 2013 she slipped and fell on a wet floor at the 7-Eleven store located at 900 East Parham Road in Richmond, Virginia. See Compl. gen.

The subject slip and fall accident was captured on surveillance videos which Plaintiff has admitted "truly and accurately depict the Plaintiff's fall…" In the surveillance videos, Plaintiff is seen walking right past a yellow "wet floor" warning sign that was placed near the front door and then slipping and falling. Plaintiff testified at her deposition that she never saw the yellow "wet floor" warning sign prior to her accident and she does not know why she did not see it.

1

It is the contention of Defendant that it did not breach its duty of care to Plaintiff and that Plaintiff was contributorily negligent as a matter of law in failing to see and appreciate the yellow wet floor warning sign. This case is now ripe for Summary Judgment.

## II. STATEMENT OF MATERIAL FACTS TO WHICH THE DEFENDANT CONTENDS THERE IS NO GENUINE ISSUE

On February 20, 2013, Stephanie Spain was working at the 7-Eleven, Inc. store located at 900 East Parham Road in Richmond, Virginia. See Declaration of Stephanie Spain, which is attached hereto as **Exhibit A**. Before mopping the floor on February 20, 2013, Ms. Spain placed yellow wet floor warning signs out in the 7-Eleven, Inc. store to warn customers that the floor may be wet and slippery. *Id*. She placed one of the yellow wet floor warning signs out by the front entrance door. *Id*. Exhibits 1-8, attached to her Declaration, accurately depict the location of the yellow wet floor warning sign that she placed near the front entrance door before she started mopping the floor. *Id*.

After Ms. Spain placed the yellow wet floor warning sign by the front door, Plaintiff entered the 7-Eleven store to get coffee. See relevant portions of Plaintiff's deposition transcript, which are attached hereto collectively as **Exhibit B**, p. 13, lines 15-16. Plaintiff's visit to the 7-Eleven store was not her first as she had been to the store off and on over the years. *Id*. at p. 22, lines 12-13. After entering the store, Plaintiff headed to get coffee. *Id.* at p. 28, lines 16-17.

Plaintiff saw the mat after entering the store and just kept walking. *Id*. p. 36, line 21-24. The yellow wet floor warning sign was in front of Plaintiff on the right when she entered the store but Plaintiff did not see it even though she had the ability to see what is going on around her as she walks straight. *Id*. at p. 40, lines 1-22 and p. 48, lines 20-22. There was nothing between Plaintiff and the yellow wet floor warning sign that could physically block Plaintiff's ability to see the yellow wet floor warning sign after entering the store. *Id*. at p. 40, line 23

2

through p. 41, line 4. Plaintiff does not know why she did not see the sign prior to her accident. *Id*. at p. 44, lines 8-11. But she was familiar with yellow wet floor warning signs at the time the accident occurred because she had seen them before and knew that they were put out in areas where there is a wet floor. *Id*. at p, 42, lines 15-23 and p. 57, lines 8-21.

Plaintiff admitted in discovery that the videos of Plaintiff's fall accurately depict her fall on February 20, 2013 at the 7-Eleven store. <u>See</u> relevant portions of Plaintiff's responses to Defendant's Request for Admissions, which are attached as **Exhibit C**. Likewise, the two (2) CCTV surveillance videos truly and accurately depict the events shown in the 7-Eleven, Inc. store located at 900 East Parham Road in Richmond, Virginia on February 20, 2013 leading up to and including Plaintiff's accident. <u>See</u> Second Declaration of Stephanie Spain, which is attached as **Exhibit D**. The surveillance videos will be sent to the Court for filing outside of the ECF system, but are incorporated herein by reference collectively as **Exhibit E**.

### III. ARGUMENT

    **A.**     **Summary Judgment In Favor Of 7-Eleven, Inc. Is Appropriate.**

        **1.**     **Summary Judgment Standard.**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted where "the pleadings, depositions [and] answers to interrogatories . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "Summary judgment is not a 'disfavored procedural shortcut,' but an important mechanism for weeding out claims and defenses [that] have no factual basis." Id. at 327. The nonmoving party must demonstrate that there are specific facts that would create a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91

L. Ed. 2d 202 (1986). "Where . . . the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *United States v. Lee*, 943 F.2d 366, 368 (4th Cir. 1991).

### 2. 7-Eleven, Inc. Did Not Breach Its Duty of Care to Plaintiff.

In Virginia, a business owner is not an insurer of an invitee's safety. *Eure v. Kroger Ltd. P'ship I*, 2012 U.S. Dist. LEXIS 35043, *8 (W.D. Va. Mar. 15, 2012). Instead, an owner or occupant of a premises owes a duty to its invitees to use ordinary care to have the premises reasonably safe for her visit. *Tazewell Supply Company, Inc., T/A A-Mart v. Virginia Belle Turner*, 213 Va. 93, 189 S.E2d 347 (1972). "[I]n the exercise of ordinary care the defendant is required to warn the plaintiff of latent dangers which were or should have been known to him and which were unknown to the plaintiff. But no notice or warning was required if the alleged dangerous condition was open and obvious to a person exercising reasonable care for [her] own safety." *Id*. at 95 (citing *Gottlieb v. Andrus*, 200 Va. 114, 104 S.E.2d 743 (1958)).

In *Eure*, the Court granted the defendant's motion for summary after finding that the defendant breached no duty of care to the plaintiff. In that case, the defendant's employee noticed a spill in the middle of a large aisle. *Eure*, 2012 U.S. Dist. LEXIS 35043 at *4. The employee cleaned up the spill and placed a yellow warning cone in the middle of the spill area. *Id*. Thereafter, the plaintiff came through the area and slipped and fell. *Id*. at *4-5. The plaintiff in *Eure* never saw the yellow warning sign before her accident even though the "yellow warning cone stood only several feet from where [the plaintiff] fell." *Id*. at *4 and *18.

After considering the evidence, the Court granted summary judgment in favor of the defendant and held that:

> "the facts of this case demonstrate that the defendant discharged [its] duty within
> the parameters established by the relevant standard of care—after becoming

4

> apprised of the existence of a slip, the defendant mopped the area and placed a large yellow warning cone in the middle of the spill area. That was all that ordinary care required of [the defendant] as a premises owner.

*Id*. at *19. The Court also distinguished the facts in *Eure* case from a case where the plaintiff fell twelve feet or more from the wet floor warning sign and noted that to require more of the defendant would turn the defendant "into an insurer of its invitees' safety." *Id*. at *19-22.

Likewise in this case, Defendant did not breach its duty of care to Plaintiff. Before mopping the floor, Defendant's employee placed a yellow wet floor warning sign near the front entrance door that was visible to customers as they entered the store. This is not a case where the yellow wet floor warning sign was placed twelve or more feet away from where Plaintiff fell. Instead, Plaintiff slipped and fell very near to the yellow wet floor warning sign after walking right past it. To require more of the Defendant in this case would turn Defendant into an insurer of the safety of its invitees, which is not the standard in Virginia.

Therefore, because Defendant did not breach its duty of care to Plaintiff, summary judgment should be entered in its favor.

### 3. Plaintiff was Contributorily Negligent As a Matter of Law.

Under Virginia law, a plaintiff is contributorily negligent if she "failed to act as a reasonable person would have acted for his own safety under the circumstances." *Artrip v. E.E. Berry Equip. Co.*, 240 Va. 354, 358, 397 S.E.2d 821, 824 (1990). Additionally, if it appears that the plaintiff "failed to exercise reasonable care and that such failure was a contributing cause of the accident, she is not entitled to have damages from the defendant." *Id.* See also *Flakne v. Chesapeake & Potomac Tel. Co. of Va.*, 199 Va. 31, 34, 97 S.E.2d 650, 652 (1957) ("One cannot charge another in damages for negligently injuring him when his own failure to exercise due and

reasonable care was responsible for the occurrence of which he complains."). Moreover, "[a] person who trips and falls over an open and obvious condition or defect is guilty of contributory negligence as a matter of law." *Scott v. City of Lynchburg*, 241 Va. 64, 66, 399 S.E.2d 809, 810 (1991).

In this case, Plaintiff was contributorily negligence as a matter of law when she failed to act as a reasonable person would have acted for her own safety under the circumstances. After entering the store, Plaintiff walked right past a yellow wet floor warning sign which was an open and obvious warning to a person exercising reasonable care for their safety that the floor around the warning sign was wet and slippery. The warning sign was in front and just to the right of Plaintiff as she entered the store. Additionally, there was nothing in front of Plaintiff that would have blocked her view of the warning sign as she walked into the store and Plaintiff testified under oath that she does not know why she did not see the warning sign. Had Plaintiff been exercising reasonable care for her own safety, she would have seen the yellow warning sign, which was open and obvious and *familiar* to her, and she would have slowed down and taken the appropriate measures to not slip and fall on the wet floor.

Therefore, because Plaintiff was contributorily negligent as a matter of law, summary judgment should be entered in favor of Defendant for this reason as well.

WHEREFORE, based upon the foregoing, the Defendant herein moves this Honorable Court to enter Summary Judgment in its favor.

                                      Respectfully Submitted,

                                      **7-ELEVEN, INC.**

                                      By: _____/s/_____
                                                    Counsel

Randall C. Lenhart, Jr., Esq. (VSB No. 71207)
David L. Dayton, Esq. (VSB No.: 31177)
KALBAUGH, PFUND & MESSERSMITH, P.C.
555 East Main Street, Suite 1200
Norfolk, Virginia 23510
(757) 623-4500
(757) 623-5700 (facsimile)
randall.lenhart@kpmlaw.com
david.dayton@kpmlaw.com
*Counsel for Defendant*

## CERTIFICATE

I hereby certify that on the 24th day of March, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will send notification to:

Raymond L. Palmer, Esquire
The Law Offices of Raymond L. Palmer
116 N. 3rd St., Suite 300
Richmond, Virginia 23219
*Counsel for plaintiff*

/s/
Randall C. Lenhart, Jr., Esq. (VSB No. 71207)
KALBAUGH, PFUND & MESSERSMITH, P.C.
555 East Main Street, Suite 1200
Norfolk, Virginia 23510
(757) 623-4500
(757) 623-5700 (facsimile)
randall.lenhart@kpmlaw.com
*Counsel for Defendant*